The judgment of the court of common pleas will be affirmed.

**Metcalfe** and **Pollock, JJ.,** concur.

---

## CRIMINAL LAW—PARENT AND CHILD.

[Medina (8th) Circuit Court, September 26, 1910.]

Marvin, Winch and Henry, JJ.

CHARLES MOORE v. STATE OF OHIO.

**1. Want of Knowledge by Father as to Needs of His Minor Children no Defense to Prosecution for Neglecting Them.**

A father is charged with the duty of knowing the needs of h's minor children, seeing that provision as to their home, care, food or clothing, when required, is made; and if he is able, to make or cause such provision to be made. It is no defense to a prosecution under Sec. 13008 G. C. for neglecting his minor children that the father did not have notice from the mother or person having their custody that they required his assistance.

**2. Conviction Reversed for Misconduct of Counsel, Though Jury Cautioned, if Guilt not Established Beyond Reasonable Doubt.**

A judgment of conviction in a criminal case will be reversed for misconduct of counsel, though the jury be cautioned with respect thereto, if on the whole record it is not clear that the defendant was guilty beyond a reasonable doubt.

*William Gordon* and *C. N. Russell,* for plaintiff in error.

*N. H. McClure* and *C. H. Curtiss,* for defendant in error.

**HENRY, J.**

At the April, 1910, term of the Medina county common pleas court Charles Moore was convicted of neglecting and re-

fusing to provide his minor children, 12 and 6 years of age, with necessary clothing, food and proper home, between May 1, 1908, and April 4, 1910. Motion for new trial was overruled and he was sentenced to be imprisoned in the county jail of Medina county at hard labor for the term of six months, and to pay the costs of his prosecution. He afterwards entered into a bond to the state of Ohio in the sum of $500 in accordance with the statute, to pay or cause to be paid to Zaidee Rasor, the mother of said child (who was appointed by the court, a trustee for that purpose), the sum of $1.25 per week for each of said children, until it shall become sixteen years of age.

To this judgment error is prosecuted upon the grounds of misconduct of counsel in argument to the jury; misdirection of the jury by the court, and the refusal of divers requests to charge.

The evidence discloses that the parents of these children were divorced by decree of the court of common pleas of Portage county at its January term, 1907, upon the petition of the wife and upon the ground of habitual drunkenness of the husband. This decree, which was put in evidence, confided the custody, care, education and control of said children to their mother, and enjoined the father "from interfering in any manner with either of said children or with plaintiff in the custody, care, education and nurture of them, until further order of this court."

The mother thereafter removed to Medina county where she supported herself and the said children until her marriage to one Rasor, and since that time she and the said Rasor have supported them.

December 28, 1909, the mother of the children, through her attorney, wrote the defendant below as follows:

"There are two children of yours in this town residing with their mother who is divorced from you. You have done nothing as to the support and maintenance of these children for years. It is true that an allowance of alimony was given your former wife, but no provision was made in decree of divorce as to support of children, and you are accordingly still bound to support

them. You are requested to do so. There is a criminal statute as to nonsupport of which you may be aware. However, we desire that you do what is lawful and proper without resort to extreme measures. You should make reasonable payment for board and clothing for your children. You are requested to take the matter up with me further."

Meanwhile the defendant below, Charles Moore, has also remarried and has removed from Portage to Summit county, where he was arrested and brought to Medina county for trial.

We find upon consideration of the record and of the precedents that the decision of our Supreme Court in State v. Sanner, 81 Ohio St. 393 [90 N. E. Rep. 1007; 26 L. R. A. (N. S.) 1093], fully answers the intimation from the bench on the hearing that the next to the last clause of Sec. 10, Art. I of the Const., providing that an accused person shall have "a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed" might preclude the trial for this offense in Medina county of one who had not at any time been in that county and whose children were brought there without his procurement.

The syllabus in State v. Sanner, supra, is as follows:

"As to some crimes, the physical presence of the accused, at the place where the crime is committed, is not essential to his guilt.

"A parent may be guilty of the crime of failing to provide for his minor children, defined by the act entitled an act to compel parents to maintain their children, passed April 28, 1908 (99 O. L. 228), although he is a resident of another state during the time laid in the indictment and the venue of the crime is in the county where the child is when the complaint is made."

It is also established in this state that:

"The obligation of the father to provide reasonably for the support of his minor child, until the latter is in a condition to provide for his own support, is not impaired by a decree which divorces the wife a vinculo on account of the husband's misconduct, gives to her the custody, care and nurture of the

child and allows her a sum of money as alimony, but with no provision for the child's support. The mother may recover a reasonable compensation from the father, for necessaries furnished by her to the child after such decree, and may maintain an original action for such compensation against the father, in a court other than that in which the divorce was granted." *Pretzinger* v. *Pretzinger*, 45 Ohio St. 452 [15 N. E. Rep. 471; 4 Am. St. Rep. 542].

Nor is it a defense to a prosecution, under the act here invoked, that an agreement of separation was entered into by the accused and his wife, by which the latter, who was given the custody of their minor children, agreed, for a valuable consideration, to furnish them with proper support, and that after the mother became unable to support the children, the accused offered to support them, if she would surrender their custody to him, which she refused to do, *Bowen* v. *State*, 56 Ohio St. 235 [46 N. E. Rep. 708]. In the *per curiam* opinion at page 239 it is pointed out, that the duty which a father "owes the public of saving it from the expense of supporting his children, is personal and continuing, and can not be affected by any agreement he may make with another. He must answer to the state for his omission of that duty, and look to the other contracting party for any breach of the contract."

So in *State* v. *Stouffer*, 65 Ohio St. 47 [60 N. E. Rep. 985], it is held:

"The father is not absolved from his obligation to support his minor child under sixteen years of age, because his divorced wife, having its custody, has provided it with sufficient support; and his refusal or neglect, after demand, to furnish the child with proper support, he being able to do so, renders him amenable to the provisions of Sec. 3140-2 R. S."

In *State* v. *Teal*, 77 Ohio St. 77 [83 N. E. Rep. 304], it is held that:

"In the prosecution under Sec. 3140-2, R. S., against a father for failure to support his child, he being able to do so, it is not necessary for the state to prove that a demand was

Moore v. State.

made upon the father for the performance of the duty enjoined by the statute.''

Not all of these cases are entirely in point here, but they serve to indicate the principles which our Supreme Court has applied in construing this salutary act.

It is evident that the requests of defendants below, numbered 1 and 2, for a verdict of not guilty, upon the ground that the duty of maintaining the children had been cast upon the mother by the decree of divorce, were properly refused. The same is true of the third request, based upon the absence of evidence showing that the children had been actually neglected. The fourth request proceeds upon a theory directly contrary to that announced in *State* v. *Teal, supra,* and was, therefore, properly refused.

The fifth request is as follows:

''You are instructed that by the decree of the court of common pleas of Portage county, the defendant is enjoined from interfering with the care, custody and nurture of said children by their mother and that he would be liable to punishment for contempt of court if he disregarded or disobeyed the terms of said decree.''

It will be observed that this request is not addressed to the issue of guilt or innocence to which the jury in the court below were confined. It is unnecessary for us to consider whether the request is abstractly correct or not, for it could not have aided the jury had it been given.

The sixth request is as follows:

''Before you can find the defendant guilty in this case, you must find from the evidence, beyond a reasonable doubt, that the defendant, Charles Moore, was able by reason of his having means, or of his ability to work and earn money, to provide said children with proper home, care, food or clothing, and that he has knowingly and wilfully refused or neglected so to do, after knowledge or notice to him, from the mother or person having the custody of said children, to do so.''

We think the defendant is bound at his peril to know when his children need further provision for their home, care, food

or clothing, and to see that such provision, when needed, is made.

In the course of the argument to the jury by Mr. Curtiss on behalf of the state, several improper observations were made, culminating in this statement, wholly unwarranted by the evidence:

"The defendant had not contributed one cent .to the support of the children before the divorce was granted."

To this the defendant below objected and the court by way of admonition to counsel said:

"I would disregard all reference as to what had preceded the divorce. On your side of the case, I will say this, that you need to go no farther into that, any more than on the other side they should go into the grounds."

There was clearly misconduct of counsel in the statements above quoted, and in other statements disclosed by the record, and the rulings of the court thereon are not such as to correct the prejudice, if any there was, resulting therefrom.

We have thoroughly canvassed the suggestion that the defendant's guilt being apparent from the whole record, he cannot be deemed to have been prejudiced by counsel's misconduct. We are not prepared to acquiesce in this view. The children's stepfather testifies that he furnished them with food between the serving of the notice upon the accused to provide for their support and the time of the latter's indictment and trial some three or four months thereafter, and that he has no bill against the accused therefor. It does not anywhere appear that the children were during that interval in need of, or that they received from any source, any clothing. As regards home and care, it was obviously impossible, in the nature of things, for the husband to afford either to his children who had been confided to the custody of the former wife. While we are not prepared as a matter of law to say that the injunction forbidding him to interfere with the "custody, care, education and nurture of the children" absolved him from criminal liability for failure to provide them with proper "home, care, food and clothing," it is by no means clear upon all the

Moore v. State.

facts in the case, that the defendant below was guilty of a violation of the statute.

Moreover, there is some evidence tending to show that the defendant was not physically and pecuniarily able to maintain his children; and while this evidence is far from conclusive, it, too, prevents us from saying, as a matter of law, that he is guilty beyond a reasonable doubt, and therefore not prejudiced by counsel's misconduct.

For the reason noted, to wit, the misconduct of counsel for the state in argument to the jury, the judgment of the court of common pleas is reversed and the cause remanded.

We feel disposed, in this connection, to add that the final arrangement in which the trial below resulted undoubtedly provides for the performance by the defendant below of his natural and legal duty to his children, as in the end he will have to perform it, no matter how this litigation may terminate.

**Marvin** and **Winch, JJ.,** concur.